Karen FLEMING, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

Civ.A. No. 03–G–1406–NW.

United States District Court, N.D. Alabama, Northwestern Division.

Sept. 2, 2004.

Robert W. Bunch, Bunch & James, Florence, AL, for plaintiff.

Alice H. Martin, U.S. Attorney, Edward Q. Ragland, Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Social Security Administration—Office of General Counsel, Atlanta, GA, for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Karen Fleming, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits (DIB), a Period of Disability (POD). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

### STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be dis-abled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995).

In the instant case, the ALJ, Russell W. Lewis, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." *Foote,* at 1559. Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical–Vocational Guidelines (the grids). *Foote,* at 1558–59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. *Foote,* at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." *Foote,* at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote,* at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote,* at 1560 (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *accord Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." *MacGregor*, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *MacGregor*, 786 F.2d at 1053; *Elam*, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See MacGregor*, 786 F.2d at 1054; *cf. Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir.1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

In the present case the plaintiff alleges she is disabled due to back and neck pain. The plaintiff testified at her hearing about the severity and frequency of her pain. The VE was asked whether she would be able to perform other jobs if her testimony about the severity and frequency of that pain were credited. The VE testified that if the plaintiff's testimony were credible, she would not be able to work. [R 46–48] Therefore, the only relevant inquiry is whether the ALJ properly refused to credit the plaintiff's testimony.

The medical record in the present case document that the plaintiff underwent a lumbar microdiscectomy in 1997, but her pain returned. The plaintiff's treating neurosurgeon, Dr. Morris, examined her on October 9, 2000, and found decreased range of motion of the lumbar spine. His diagnosis was failed back syndrome [1] with chronic pain and probable carpal tunnel syndrome. [R 128] Dr. Morris ordered MRI scans, which showed:

- L5–S1 disc herniation mildly compressing the right S1 nerve root
- L4–5 laminectomy defect on the left side, degenerative disc disease with end plate sclertic changes, laminotomy defects on the left side, epidural fibrosis on the left side, and a disc herniation in the midline extending slightly more to the right side and mildly compressing the dural sac.
- L3–4 laminotomy defect on the left side, epidural fibrosis
- L2–3 paracentral bulging disc on the right side of midline

[R 126] The radiologist's impression was as follows:

Laminotomy defect L3–4 and L4–5 levels on the left side.

No changes in the disc herniation at L–S1 on the right side There is a disc herniation in the midline towards the

1. Failed back syndrome is not a single disease but a collection of conditions that emerge after any number of surgeries or other treatments. Patients with failed back syndrome have undergone one or more surgical procedures and continue to have debilitating pain.

This pain may be caused by recurring disc herniation, excessive scarring, or injury to nerve roots.

http://www.einstein.edu/e3front.dll?durki=6485# failedback

right side of L4–5 level A bulging disc at L3–4 and L2–3 levels.

[R 127] Nerve conduction studies were performed on the plaintiff's cervical spine, and EMG testing revealed bilateral radiculopathy at C5–6. [R 240]

These uncontradicted diagnostic tests show the presence of objective medical conditions sufficient to give rise to disabling pain. Therefore, the plaintiff has met the Eleventh Circuit's pain standard and she must be found disabled unless her pain testimony was properly discredited. The ALJ's articulated reasons for discrediting the plaintiff's pain testimony are not supported by substantial evidence.

The ALJ refused to credit the plaintiff's pain allegations because her "treatment regimen is not consistent with her allegations. Although she alleges 'unbearable' pain, her treatment plan is simply prescribed anti-inflammatory medications and on occasion, Lortab or other narcotics." [R 14] The treatment notes from Dr. Morrow, her treating physician, document a long and unsuccessful attempt to relieve the plaintiff's pain through medication.[2] Far from being prescribed "occasionally," narcotic pain medication was prescribed on a regular and continuing basis beginning in late 1999. Dr. Morrow noted the presence of tenderness and spasm on numerous occasions, and his treatment notes are replete with his notations of severe pain and that the plaintiff cannot work or engage in activities of daily living (ADLs) due to that pain. In light of the diagnosis of failed back surgery syndrome by her

neurosurgeon, it is not surprising that further back surgery was not prescribed. There is nothing in the plaintiff's medical records to indicate that back surgery would be beneficial. Nor is there any medical evidence to indicate that the lack of a surgical option precludes disabling back pain.

The Commissioner's consulting examiner, Dr. Romero, found tenderness and spasms in the lumbar spine. [R 209] His diagnostic impression was as follows:

1. _____ back syndrome,[3] history of laminectomy, continues to have significant pain.

2. Carpal Tunnel syndrome

Based on my medical findings, the patient is able to hear, speak. She may have difficulty staying in one position for a long period of time. For example sitting or standing for a prolonged period. The patient will not be able to lift heavy loads. The patient may have some difficulty handling objects secondary to carpal tunnel syndrome.

[R 209] This report is not inconsistent with the presence of disabling pain, and in fact the presence of tenderness and spasm on exam supports the plaintiff's allegations.

From the above it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, they must be accepted as true and based upon the expert vocational testimony, the plaintiff is unable to work.

---

**2.** The medical evidence clearly shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. *See* SSR 96–7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or

other symptoms for the purposes of judging the credibility of the individual's statements.").

**3.** There is no indication in Dr. Romero's report as to why there is a blank line before "back syndrome." It is, however, reasonable to conclude that this refers to her diagnosed "failed back syndrome."

In addition to, the above, the court notes that the plaintiff's treating physician completed a residual functional capacity evaluation that would preclude all work. [R 238, 48] This RFC was not properly discredited by the ALJ and provides another alternate ground for reversal.

■ The ALJ's decision is an obvious injustice, which the court is compelled to remark upon. The undersigned cannot recall any case among the hundreds that it has reviewed where MRI scans showed such extensive disc disease. As Judge Allgood observed in *Lamb v. Bowen*: "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain. No examining physician ever questioned the existence of appellant's pain. They simply found themselves unable to cure the pain." 847 F.2d 698 (11th Cir.1988). This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir.1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. *Id.* Therefore, the action will be remanded with instructions that the plaintiff be awarded the benefits claimed.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*