[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16125
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00526-CV-G-W

BOB H. BELLE,

Plaintiff-Appellant,

versus

JO ANN B. BARNHART,
Commissioner of Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 26, 2005)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Bob H. Belle, a fifty-two year old male with a tenth grade education, filed

an application for disability and Supplemental Security Income ("SSI") benefits

alleging that he was disabled due to Type II diabetes and hypertension. His claims were denied initially and upon reconsideration. Belle requested a hearing before an Administrative Law Judge ("ALJ").

At the hearing, Belle testified that he had been employed as a truck driver until he was forced to leave his job because he failed a Department of Transportation physical examination. He stated that he experienced fainting spells and black outs due to his diabetes, which he treated with insulin. He further stated that he often experienced swelling of his hands and feet, which made it difficult to walk, that his blood sugar levels varied despite the insulin, and that he had dizzy spells and blurred vision. Belle testified, however, that he was able to watch television, read, mow the lawn, and exercise.

A vocational expert ("VE") opined that a person with Belle's limitations could not return to his past relevant work, but that there were other jobs available, such as cafeteria attendant, garment sorter, and small products assembly, although there were no jobs available if the claimant's self-described limitations were credible.

Dr. Colie Crutcher, who examined Belle in 2000, diagnosed him with poorly controlled Type II diabetes, hypertension, and fatigue, but noted that Belle was generally in good health, with normal lungs, heart, neurological functions and

vision, that Belle was responding well to insulin, and that the only other medication Belle used was Advil. Crutcher encouraged dietary management of the diabetes and exercise.

Dr. Gary Walton, who also treated Belle, noted that Belle took Humulin for his diabetes, but that the disease was poorly controlled.

Dr. Bobby Hill completed a consultative examination in 2001, finding that Belle had normal gait without assistance, could walk heels and toes, could squat and stand, and had no other abnormalities. Hill noted that Belle's diabetes was not well controlled, but he concluded that the impairments "imposed questionable limitations" on Belle's ability to sit, stand, and walk. Hill confirmed that Belle could not return to his past relevant work, but opined that Belle could stand or walk for four hours at a time, for no more than six hours a day, with no limitations on sitting, could lift or carry five to ten pounds constantly, and ten to fifteen pounds frequently. Hill further found no limitations on pushing or pulling, but some limits on climbing and balancing, with additional limitations in temperature, environment, and driving.

The ALJ concluded that Belle was not disabled because, although he had severe impairments due to his diabetes and hypertension, these impairments did not meet or exceed a listing. In reaching this conclusion, the ALJ noted that Belle

did not require medication to treat his hypertension, and that the medical evidence showed that Belle had normal gait, no joint motion restrictions, and no neurological deficits. The medical records confirmed that Belle's diabetes was uncontrolled, although his condition improved with medication, and he had not required hospitalization since 1999. The ALJ further noted that Belle had financial limitations to obtaining treatment. However, the ALJ specifically discredited Bell's subjective complaints as inconsistent with the medical records and not supported by objective medical evidence. As the ALJ explained, "[t]he record does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce such severe symptoms." Based on the VE's testimony, the ALJ concluded that there were other jobs available, which required a finding that Belle was not disabled.

After the appeals council denied review, Belle filed a complaint in the district court, which affirmed the Commissioner's denial of benefits.

On appeal, Belle argues that the district court erred because the ALJ improperly applied the pain standard. He contends that there is medical evidence in his case to show that he has an underlying medical condition, and that medical

treatises explain that diabetes and hypertension can be expected to produce pain and motor weakness, dizziness and fatigue.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002); Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "'more than a mere scintilla, but less than a preponderance'").

In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

Here, the ALJ found that the medical records did not confirm Belle's allegations regarding the severity of his pain, and that finding is supported by substantial evidence. First, the ALJ properly concluded that there was evidence of

an underlying medical condition. The records reflect that Belle suffered from Type II diabetes, which was poorly controlled, but which did improve with medication.[1]

Second, the ALJ properly determined that there was no objective medical evidence confirming the severity of the alleged pain or that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. The medical records demonstrated that all of Belle's other functions were normal, and that Belle's diabetes improved with insulin treatment. Moreover, Belle was generally in good health, with normal lungs, heart, neurological functions, and vision, and the only other medication Belle used was Advil.

Based on this medical evidence, the ALJ's credibility determination was supported by substantial evidence. Accordingly, we **AFFIRM** the district court.

---

[1] The record further demonstrated, however, that Belle's financial status sometimes made it difficult to obtain medication. As this court has held, if one's disability could be cured by certain treatment, yet treatment is not financially available, then a condition which is disabling in fact continues to be disabling in law. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988).