**Sue HALE, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health & Human Services, Defendant-Appellee.**

**No. 87–7233**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 6, 1987.

R. Michael Booker, Shores & Booker, Birmingham, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, M. Neal Reynolds, Birmingham, Ala., for defendant-appellee.

Before TJOFLAT, VANCE and EDMONDSON, Circuit Judges.

VANCE, Circuit Judge:

This is an appeal of an affirmance by the district court of the Secretary of Health

and Human Services' denial of disability benefits under the Social Security Act.

On April 7, 1983 claimant Mary Sue Hale applied for disability insurance benefits and supplemental security income, alleging she was disabled[1] as a result of her recurrent back problems. After a series of administrative hearings, denials and appeals,[2] the district court affirmed the Secretary's final decision denying benefits. Ms. Hale now appeals the district court's decision.

## I.

Ms. Hale worked as a drug store sales clerk from 1959 to 1969, and as a department store cashier from 1970 to 1972. Both jobs included stocking duties which required her to lift 15–20 pound boxes. From 1972 to 1979 Ms. Hale worked as a seamstress at a hosiery mill. This job required her to lift 50 pound boxes and pull 200 pound boxes a distance of 20 feet.

In late 1980 Dr. Robert Q. Craddock, a neurosurgeon, admitted Ms. Hale to the hospital with complaints of back and neck pain. Dr. Craddock diagnosed cervical nerve root compression syndrome, and performed a cervical hemilaminectomy and nerve root decompression. Although Dr. Craddock reported in December of 1980 and January of 1981 that Ms. Hale was recovering well from the surgery and was experiencing less pain, he continued to treat Ms. Hale for several years.

In April, 1982 Ms. Hale was admitted again to the hospital with complaints of back pain. X-rays revealed mild lumbar scoliosis and degenerative disc disease. In August, 1982 Ms. Hale was hospitalized again. Dr. Max E. Burr reported that he believed her physical disability was minimal, but that "genuine back difficulties exist," and that Ms. Hale was very anxious about her back problems. Dr. Burr added that from a psychological standpoint Ms. Hale's disability was considerable.

Dr. Craddock hospitalized Ms. Hale in January and again in February of 1983. Dr. J.L. Gravlee conducted a myelogram, which confirmed cervical spondylosis, most marked at C5–C6, and some mild post-operative changes in the lumbar area. Dr. Craddock administered a caudal epidural injection.

In March, 1983 having treated Ms. Hale for over three years, Dr. Craddock sent a brief letter to the Alabama Disability Determination Division stating that in his opinion, she was disabled, and unable to carry on any gainful employment. He wrote a similar letter to Ms. Hale's attorney in August of 1983.

In July, 1984 the Social Security Administration employed Dr. James L. Rollins in connection with Ms. Hale's disability claim. Based on his clinical evaluation of Ms. Hale and other testing results, Dr. Rollins reported that Ms. Hale could sit, stand and walk two hours each during an eight-hour day, and that she could carry only occasionally up to five pounds.

Finally, Dr. James Quimby, who treated Ms. Hale from April, 1984 to April, 1986, reported in a Physical Capacities Evalua-

---

1. 42 U.S.C. § 423(d)(1)(A) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

2. The full procedural history of the case is as follows: Claimant's applications for disability and supplemental security income benefits were denied initially and on reconsideration. Ms. Hale requested and received a hearing before an Administrative Law Judge (ALJ), who concluded that Ms. Hale was not disabled and denied benefits. The Appeals Council denied claimant's request for review.

Ms. Hale then filed a complaint in the district court seeking judicial review of the Secretary's denial of benefits. In the interim, the Secretary promulgated new regulations under the Social Security Reform Act of 1984, relating to the evaluation of mental impairments. The district court subsequently granted the Secretary's motion to remand for consideration under the new regulations.

A second hearing before an ALJ was held. As in the first hearing, a vocational expert testified. The ALJ rendered another decision adverse to the claimant, which the Appeals Council adopted with supplemental findings. Claimant appealed to the district court a second time. The district court affirmed the Secretary's final denial of benefits in a short two page order, and claimant appealed to this court.

tion that Ms. Hale could only sit for one hour a day and stand or walk for one hour a day. Dr. Quimby also reported that the most reasonable lifting or carrying expectation for Ms. Hale during a normal work day was "five pounds *occasionally*" (emphasis in original). He determined that her degree of pain was moderately severe.[3]

A vocational expert testified at the second hearing before the Administrative Law Judge (ALJ). In response to questioning by the ALJ, the expert testified that from the severity and frequency of the pain described by Ms. Hale, Ms. Hale was unable to do any of her past jobs as cashier, seamstress or sales clerk. The expert further testified that there were no sedentary jobs to which her skills would transfer. In response to questioning by Ms. Hale's attorney, the vocational expert testified that assuming the restrictions, limitations and capabilities reported by Dr. Rollins, there were no jobs existing in significant numbers in the national economy that Ms. Hale would be able to do.[4]

Despite this testimony, the ALJ found that Ms. Hale retained the capacity to return to her past work as a cashier. The basis for this ruling was the ALJ's finding that Ms. Hale's "testimony regarding the severity of her pain was not credible in light of the absence of a medically determinable impairment which could be expected to produce such pain." The Appeals Council adopted the ALJ's findings, and added that the various physical examination reports "do not reveal any significant sensory or motor loss, muscle deterioration, or other neurological deficits which would be indicative of an individual suffering from severe, disabling pain."[5]

## II.

### A.

In reviewing claims brought under the Social Security Act, our role is limited, but not non-existent. We must affirm the Secretary's decision if it is supported by substantial evidence. *Johns v. Bowen*, 821 F.2d 551, 554 (11th Cir.1987); *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir.1982); 42 U.S.C. § 405(g). Yet, although our role is limited, this court has consistently emphasized that we must not act as automatons in reviewing the Secretary's decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). We must scrutinize the record as a whole to determine if the Secretary's deci-

---

3. The record also includes the evaluation of Dr. Wallace Wilkerson, a psychiatrist. He was consulted by the Secretary with reference to the remand of the case for consideration under the new mental impairment regulations. *See supra* note 2. Dr. Wilkerson found no significant psychiatric illness. (Indeed, Ms. Hale raises no such claim.) He did report his doubts that Ms. Hale would be able to make acceptable work decisions because of her chronic physical complaints, which he stated appeared to be legitimate.

4. The transcript of the oral hearing reads:
    Q: (Ms. Hale's attorney): I would like to ask you to assume an individual of similar age, education and work experience as Ms. Hale, and I'd like to ask you to assume that the restrictions, limitations, and capabilities identified by Dr. Rawlins [sic] on this document, represent an accurate statement of her maximum functions. Are there jobs that exist in significant numbers in the nation's economy that she would be able to do?
    A: (vocational expert): No, sir.
    Q: What would be the reason for your response?

A: From the standpoint of Dr. Rawlin's [sic] physical capacities evaluation, she could only sit, stand or walk a maximum of 3 hours at one time, total during an 8–hour day of 6 hours. She could occasionally lift up to 5 pounds which would be less than sedentary work activity and she could occasionally only carry 5 pounds again placing it as less than sedentary activity.... But the primary thing, based on this physical evaluation would be the number of hours working during the day and the inability to do sedentary work.

5. The Appeals Council also found Ms. Hale's subjective pain testimony not credible because "the record does not show that the claimant has sought aggressive treatment for her impairment subsequent to June, 1983." This finding is not supported by substantial evidence. The record shows that in August, 1983 Ms. Hale was being treated by Dr. Craddock and Dr. Bryan Dewees at the Norwood Clinic in Birmingham. There is no evidence to suggest she ever stopped treatment at the Norwood Clinic. The record further shows that from 1984 to 1986, Dr. Quimby treated Ms. Hale for back and neck pain.

sion is reasonable and supported by substantial evidence. *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983), *citing Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982); *Bloodsworth,* 703 F.2d at 1239.

■ Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is "more than a scintilla, but less than a preponderance." *Bloodsworth,* 703 F.2d at 1239.

■ Ms. Hale argues that the Secretary's decision that she is not disabled is not supported by substantial evidence. The claimant bears a heavy burden in establishing the existence of a disability. She must first show that her impairment prevents her from performing her previous work. "This stringent burden has been characterized as bordering on the unrealistic." *Id.* at 1240. The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. Finally, the burden shifts back to the claimant to prove she is unable to perform the jobs suggested by the Secretary. *Francis v. Heckler,* 749 F.2d 1562, 1564 (11th Cir.1985); *Boyd,* 704 F.2d at 1209.

This case initially involves the question of whether the Secretary's finding that Ms. Hale failed to demonstrate that she could not perform her past relevant work as a cashier is supported by substantial evidence. The Secretary adopted the ALJ's findings that Ms. Hale retains the residual capacity to perform "light work," [6] and that while Ms. Hale's back condition may produce mild pain at the light work exertion level, "such pain would not prevent her from returning to her past work as a cashier...."

An initial difficulty with these findings is that there is overwhelming evidence to the contrary. The vocational expert testified that given the medical evidence of Ms. Hale's pain, there are no jobs that Ms. Hale is able to perform. The vocational expert testified that based on the report of the Secretary's own examining physician, Ms. Hale cannot do even sedentary work.

In order to find that Ms. Hale could perform her previous relevant employment as a cashier, let alone *any* job in the national economy, the Secretary had to reject as not credible the testimony of Ms. Hale as well as the records, reports and opinions of all her treating physicians. The inquiry thus becomes whether there is substantial evidence to support these determinations by the Secretary.

### B.

■ Subjective pain testimony that is supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the claimant complains is *itself* sufficient to sustain a finding of disability. *Johns,* 821 F.2d at 557; *MacGregor,* 786 F.2d at 1054; *Landry v. Heckler,* 782 F.2d 1551, 1552 (11th Cir.1986). *See* 42 U.S.C. § 423(d)(5)(A). If the Secretary refuses to credit such testimony, he must articulate explicit and adequate reasons. *Jones v. Bowen,* 810 F.2d 1001, 1004 (11th Cir.1986); *MacGregor,* 786 F.2d at 1054.

■ In this case the ALJ and the Appeals Council found that there were no medical signs and findings showing the existence of an anatomical or physiological impairment which could reasonably be expected to produce Ms. Hale's pain. There is no evidence, however, to support this finding. In fact, the *objective medical evidence* shows several medical impairments that could reasonably be expected to cause to Ms. Hale's pain.

Dr. Craddock diagnosed cervical nerve root compression syndrome in 1980, and scoliosis and degenerative disc disease in 1982. In August, 1982 Dr. Burr noted an

---

**6.** "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The code defines sedentary work as involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a).

additional psychological element to Ms. Hale's condition, which he believed made her disability considerable. In early 1983, Dr. Gravlee reported cervical spondylosis at the C5–C6 level. Ms. Hale's continued pain is confirmed in the record by the Secretary's own consultant, Dr. Rollins, and by Dr. Quimby, who reported medical evidence of "several back operations with poor results." Finally, Dr. Wilkerson, directly addressing the credibility issue, concluded that Ms. Hale's "complaints about persistent symptoms appear to be legitimate."

The medical evidence conclusively shows that there were several determinable neck and back impairments that could have caused Ms. Hale's pain. There is no evidence that these impairments do not exist. The Secretary's decision, therefore, that Ms. Hale's pain testimony was not credible for this reason is not supported by substantial evidence.

The Appeals Council also found that the physical examination reports did not reveal any significant sensory or motor loss which would indicate that Ms. Hale was suffering from severe, disabling pain. This finding, however, is not supported by substantial evidence. Dr. Quimby's Physical Capacities Evaluation of Ms. Hale reported that she could sit for one hour a day, stand or walk for one hour, and occasionally lift or carry five pounds. Dr. Rollins reported that Ms. Hale could sit, stand and walk for two hours each during an entire eight hour day, and that she could occasionally lift or carry up to five pounds.[7] There is no evidence that Ms. Hale can do any more than this. The Secretary's finding, therefore, that Ms. Hale's pain testimony was not credible on the basis of lack of significant motor loss is also not supported by substantial evidence.

### III.

■ It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. *MacGregor*, 786 F.2d at 1054. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence. In this case, the Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true.

■ It is undisputed, and confirmed by the vocational expert at the second administrative hearing, that if Ms. Hale's pain testimony were true and supported by the medical evidence, Ms. Hale can perform none of her past jobs. The vocational expert also testified that there are no jobs in significant numbers in the national economy that she can perform. Because Ms. Hale's pain testimony is supported by the medical evidence, and has been accepted as a matter of law as true by the Secretary, we hold that she is thus disabled within the meaning of the Social Security Act, and is entitled to the benefits for which she has applied.

The judgment of the district court is REVERSED and the case is REMANDED with instructions that it be returned to the Secretary for the award of disability benefits.

---

7. The Secretary argues that Dr. Rollins' Physical Capacities Evaluation (PCE) of Ms. Hale is merely Ms. Hale's own statement about her condition. We disagree. The PCE, which is the Secretary's own form, instructs the physician to complete the form based on the physician's "clinical evaluation of the claimant and other testing results." We believe Dr. Rollins, who signed and dated the PCE, reported his own professional assessment of Ms. Hale's capacities and limitations.