[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10980
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00267-CV-C-NE

KERRY L. DAVIS,

Plaintiff-Appellee,

versus

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 12, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

The Commissioner of the Social Security Administration (Commissioner) appeals the district court's order reversing the Social Security Administration's (SSA's) denial of Kerry Davis's application for disability insurance benefits, 42 U.S.C. § 405(g), and remanding with an award of benefits. The Commissioner asserts the district court's reversal was in error, because substantial evidence supports the Administrative Law Judge's (ALJ's) decision that Davis was not disabled. In the alternative, the Commissioner contends if the district court was correct in finding substantial evidence does not support the ALJ's decision, the district court should have remanded to the SSA for further proceedings, rather than directly awarding benefits. We reverse the district court, and remand with instructions to affirm the SSA's decision to deny benefits.

## I. DISCUSSION

With regard to its first argument, the Commissioner asserts the ALJ implicitly found Davis had failed the second prong of the pain standard in determining Davis did not suffer from completely disabling pain. The Commissioner further contends the ALJ articulated adequate reasons for discrediting Davis's subjective testimony. The Commissioner argues the evidence strongly supported the ALJ's finding that Davis retained the residual functional capacity to perform light work because (1) many of Davis's treating physicians

2

released Davis to return to work, (2) Davis's functional capacity evaluation indicated Davis was able to perform light work, and (3) the vocational expert (VE) determined jobs existed in the national economy that an individual with Davis's limitations could perform. The Commissioner also asserts the diagnosis of an impairment is not the determinative factor in finding a disability, but rather the effect the impairment has on the claimant's ability to work. Finally, the Commissioner maintains because the ALJ's decision was based on substantial evidence, the district court erred in reversing that decision.

We review a social security case to determine if the Commissioner's decision, as a whole, was supported by substantial evidence in the record, which is "more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). We must affirm a Commissioner's decision supported by substantial evidence, "even if the proof preponderates against it." *Id.* (quotation omitted). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (quotation omitted). Moreover, "[w]e review de novo the district court's decision on whether substantial evidence supports the ALJ's decision." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

3

A claimant applying for disability benefits must prove he is disabled. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). First, the claimant must show he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. Second, he must prove he has a severe impairment or combination of impairments. *Id.* In step three, if his impairment meets or equals a listed impairment, he is automatically found disabled. *Id.* If it does not, he must move on to step four, where he must prove he is unable to perform his past relevant work. *Id.* Finally, if the claimant cannot perform past relevant work, then the burden shifts to the Commissioner in the fifth step to show there is other work available in significant numbers in the national economy that the claimant is able to perform. *Id.*

Where a claimant attempts to establish a disability through personal testimony of pain, we apply the "pain standard," which requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer*, 395 F.3d at 1210. "If

4

a claimant testifies as to his subjective complaints of disabling pain . . . the ALJ must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Id.* (quotation omitted). While the ALJ does not have to make an explicit finding regarding credibility, the implication must be obvious to the reviewing court; that is, the ALJ cannot make a broad rejection that does not allow the district court or this Court to conclude the ALJ considered the claimant's medical condition as a whole. *Id.* Finally, we will not disturb an ALJ's clearly articulated credibility finding supported by substantial evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

The ALJ's decision was supported by substantial evidence. The ALJ discussed the physicians' diagnoses and treatment plans, Davis's numerous test results, and Davis's testimony. The evidence showed Davis was diagnosed with degenerative disc disease and prescribed pain medication and physical therapy. Several of the physicians specifically indicated Davis would be able to return to work.

The ALJ also considered Davis's testimony regarding the side effects of his pain medications, but determined Davis did not complain about the side effects to any of his treating physicians, request his medications be changed, or report to his physicians that he has to lie down several hours each day due to the drowsiness

5

caused by his medications. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (holding an ALJ's determination that side effects from medications did not cause a claimant significant problems was supported by substantial evidence where the claimant testified at the hearing that her medication might be causing headaches, but the record demonstrated the several treating and examining physicians did not have any concerns about side effects of the claimant's medications). Moreover, the VE testified an individual with Davis's impairments and limitations could perform other work existing in the national economy. *See Jones*, 190 F.3d at 1229 (holding the VE testimony constitutes substantial evidence where an ALJ poses a hypothetical question to the VE containing all of the claimant's impairments).

Despite the ALJ's failure to explicitly articulate the pain standard, the ALJ's statement, "[w]hile [Davis] has a history of back surgery and a subsequent injury in April 2001, the clinical findings do not support a conclusion that the claimant has a medically determinable impairment that could reasonably be expected to result in pain and limitations of the degree he described," indicates the ALJ applied the pain standard. *See Wilson*, 284 F.3d at 1225–26 (concluding "[a]lthough the ALJ does not cite or refer to the language of the [pain standard] . . . his findings and discussion indicate that the standard was applied"). The ALJ also sufficiently

6

articulated its reasons for discrediting Davis's testimony and those reasons were supported by substantial evidence in the record. *See Dyer*, 395 F.3d at 1210; *Foote*, 67 F.3d at 1562.

Additionally, as the Commissioner argues, this Court's holding in *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987), that a claimant diagnosed with degenerative disc disease, scoliosis, and nerve root compression was disabled, does not conclusively establish a diagnosis of degenerative disc disease is determinative of disability. *See id.* at 1011–12 (holding where medical evidence established a diagnosis of degenerative disc disease, scoliosis, and nerve root compression, and where the VE determined no jobs existed in the national economy the claimant could perform, the claimant was entitled to benefits). Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself. *See* 42 U.S.C. § 423(d)(1)(A) ("The term 'disability' means inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ."). Therefore, despite Davis's diagnosis of degenerative disc disease, substantial evidence in the record nevertheless supports the conclusion Davis's impairment does not prevent him from performing substantial gainful activity.

Moreover, to the extent Davis relies on evidence in the record, such as Dr. Parker's opinion that Davis's MRI showed abnormalities and Dr. Beck's opinion that Davis suffered from muscle atrophy, this evidence does not negate the substantial evidence supporting the ALJ's decision and in such cases, this Court must affirm. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (holding "[e]ven if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence").

## II. CONCLUSION

We conclude substantial evidence supports the ALJ's finding Davis was not disabled. Because we hold the ALJ's decision is supported by substantial evidence, we need not address the Commissioner's contention the district court should have remanded for further proceedings, rather than directly awarding benefits. Accordingly, we reverse the district court's finding and remand with instructions to affirm the SSA's decision to deny benefits.

**REVERSED AND REMANDED.**