Sylvia K. MILES, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. CIV.A. 04–G–2549J.

United States District Court,
N.D. Alabama,
Jasper Division.

Jan. 12, 2006.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Alice H. Martin, Edward Q. Ragland, US Attorney's Office, Birmingham, AL, Loranzo M. Fleming, Social Security Ad-ministration–Office of General Counsel, Atlanta, GA, for Defendant.

### MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Sylvia K. Miles, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### Standard of Review

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled as that term is defined under the Social Security Act and the Regulations promulgated thereunder. The Regulations define *disabled* as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 20 CFR 404.1505(a). For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

In determining whether a claimant is disabled, the Regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993)(cites to former applicable CFR section); *accord, McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord, Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

### Findings of the ALJ

In the instant case, ALJ Russell Lewis determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability and that she suffered from a severe impairment. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. The ALJ further found the plaintiff unable to perform her past relevant work. The ALJ found the plaintiff to be capable of light work with limitations and that such jobs existed in significant numbers in the national economy. The ALJ thus found Ms. Miles not to be disabled.

### Factual and Procedural Background

Ms. Miles was thirty-seven years old at the time of the first administrative hearing. She has a high school education. Her past relevant work experience was as a sewing machine operator and hemmer. She claimed disability because of a frozen shoulder, anxiety with panic attacks, depression, nerves, heart palpitations, dizziness, and pain in her back and hip. Ms. Miles alleges an onset date of July 1,1999. Benefits were denied by the Social Security Administration initially and upon reconsideration. On May 2, 2002, after an administrative hearing, the ALJ denied benefits as well. The Appeals Council denied Ms. Miles' request for review on June 25, 2004. The ALJ's decision thus became the Commissioner's final decision on that date.

### Findings and Holding of the Court

The chief disabling impairments suffered by Ms. Miles are psychological disor-

ders. In his Findings, the ALJ termed them generalized anxiety disorder and depression. R. 28. The Record, however, is replete with references to and diagnosis of panic disorder and anxiety disorder marked by severe panic attacks as well as depression. R. 104, 113, 123, 140, 166–172, 178.

■■ In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote,* at 1560. In establishing pain, or, as here, subjective debilitating symptoms, the established legal standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote,* at 1560 (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). **This same standard applies to testimony about other subjective symptoms.** *Id.* Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies he suffers from subjective symptoms at a level that would prevent work and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

■ When the Commissioner fails to credit a claimant's testimony about subjective symptoms, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a

matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's testimony, or if his reasons are not supported by substantial evidence, the testimony of the plaintiff about his subjective symptoms must be accepted as true.

In the case now before the court, Ms. Miles was referred to the Northwest Alabama Mental Health Center for treatment of her depression, anxiety disorder, and panic disorder by her treating physician, Dr. Dale Spruiell. R. 113, 172. Dr. Spruiell noted that Ms. Miles that her psychological condition was the likely cause of many of Ms. Miles physical ailments as well. R. 113. Ms. Miles' treating therapist at the mental health center was Woodfin Gregg, M.A.,P.C. Mr. Gregg has supplied extensive evidence of the severity of Ms. Miles' panic disorder and her depression and their disabling effect on her. R. 163–172, 177–78. Mr. Gregg had treated Ms. Miles for thirteen months when he filled out the Mental Opinion Form on October 9, 2001. R. 163–64. In this evaluation, he clearly found that Ms. Miles was not capable of functioning in a work environment due to her psychological impairments. Further, Mr. Gregg believed so strongly in Ms. Miles' diagnosis that he wrote a letter following the ALJ's decision in support of Ms. Miles' claim. R. 177–78.

■ The ALJ relied on the opinion of Jerry Hart, Ph.D., a consulting psychologist, who found Ms. Miles to have a generalized anxiety disorder with much worry and concern and to have her panic attacks under control. The ALJ rejected Mr. Gregg as a medical source. The ALJ

erred by rejecting this source on this basis. Under 20 CFR 404.1513(d), Mr. Gregg is qualified to testify as to the severity of Ms. Miles' condition and its effect on her ability to work. She was referred to him for treatment for those conditions by a physician after diagnosis by that physician.

■ Dr. Spruiell's diagnosis establishes the existence of an underlying medical condition and Mr. Gregg's evidence provides the objective medical confirmation of the severity alleged that are required to meet the Eleventh Circuit's pain/subjective symptom standard. No substantial evidence of record exists to support the ALJ's finding that Ms. Miles' is not disabled by her psychological impairments. The ALJ has not effectively discredited Ms. Miles allegations as to her subjective symptoms, so they must be taken as true under the law. *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987).

The court recognizes, as does Mr. Gregg in his post-decision letter, this type of therapy is an on-going process. Ms. Miles has the potential of returning to the work force with proper therapy and medication. The court would encourage the Commissioner and counsel to aid Ms. Miles in finding all available programs for obtaining both.

A separate Order will be entered contemporaneously herewith reversing the Commissioner's decision and ordering that the benefits sought be awarded.

### *FINAL ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith; the court hereby ORDERS, ADJUDGES, and DECREES that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed.

The court FURTHER ORDERS that the Commissioner withhold from payments that are determined to be due the plaintiff under this Order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

The court further ORDERS pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*