**Shelaine K. BORDEN, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**Civil Action No. 06–G–0585–NW.**

United States District Court, N.D. Alabama, Northwestern Division.

June 11, 2007.

Douglas A. Wright, Douglas A. Wright PC, Florence, AL, Lane H. Woodke, U.S.

Attorney's Office, Birmingham, AL, for Plaintiff.

William L. Hogan, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

### MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Shelaine K. Borden, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits.[1] Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

1. In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. There-

### STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

■ In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

fore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

In the instant case, ALJ Randall C. Stout determined the plaintiff met the first two tests, but concluded that while she has an impairment or impairments considered "severe," she did not meet or equal a listed impairment. The ALJ found the plaintiff able to perform her past relevant work.

### THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

 As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986); *accord Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight...." *MacGregor,* 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as

true. *MacGregor,* 786 F.2d at 1053; *Elam,* 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See MacGregor,* 786 F.2d at 1054; *cf. Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

### DISCUSSION

 The plaintiff's treating physician Jeffrey A. Johnson, D.O., diagnosed her with degenerative disc disease, peripheral neuropathy, irritable bowel syndrome, fibromyalgia syndrome, dyslipidemia, hypertension, obstructive sleep apnea, contact dermatitis, migraine headaches, impaired glucose tolerance, valvular heart disease, coronary artery disease, chronic low back pain, and a depressive disorder. The ALJ elicited testimony from a vocational expert (VE) about the plaintiff's ability to perform work related activities. The VE was asked about the vocational impact of the plaintiff's physical and mental problems where she would be absent from work two or more days per month. The VE testified that "[r]ate of absenteeism at that level of frequency would preclude the ability to maintain any example of gainful employment." [R. 258].

If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *MacGregor,* 786 F.2d at 1053; *Elam,* 921 F.2d at 1216. To determine whether the ALJ properly discredited the report of Dr. Johnson, the court must look to the reasons articulated by the ALJ. The ALJ found that "little weight has been given the opinion of Dr. Johnson although he is claimant's treating physician in that his opinion is inconsistent with his own objective clinical findings."

[R. 17]. This conclusory statement is the only reason articulated by the ALJ in rejecting the plaintiff's treating physician, and is not supported by substantial evidence.

▪ The plaintiff was seen clinically by Dr. Johnson for a variety of ailments. [*see generally* R. 115–166]. On April 23, 2003, presented to Dr. Johnson complaining of leg pain. [R. 157–159]. An MRI performed April 29, 2003, indicated left paracentral to lateral disc herniation at L5–S1 contacting the left L5 and S 1 nerve roots, a small central disc herniation at L4–5 and central to right paracentral disc herniation at L3–4. [R. 156]. Dr. Johnson later referred the plaintiff to Russell Ellis, M.D., at Decatur Orthopaedic Clinic for testing. Dr. Ellis's electrodiagnostic study "reveals evidence of a sensory peripheral neuropathy of the bilateral lower extremities as well as evidence of a possible mild S1 radiculopathy on the left." [R. 134]. Dr. Ellis diagnosed degenerative disc disease of the lumbar spine and possible lumbosacral radiculitis. [R. 138–140]. Interestingly, the ALJ mentioned Dr. Ellis's finding of peripheral neuropathy [R. 14], but failed to include that diagnosis in his finding of severe impairments. [R. 18]. The ALJ's failure to consider peripheral neuropathy as a severe impairment and his failure to consider it in combination with the plaintiff's other impairments compel a finding that his decision is not supported by substantial evidence.

▪ On May 25, 2005, Dr. Johnson issued the following report: "Based on my recent treatment and assessment as well as clinical observation it is my medical opinion that [the plaintiff] is unable to retain any type of long term and gainful employment based on these chronic illnesses." [R. 210]. Because the ALJ improperly ignored the report of Dr. Johnson, as a matter of law it must be accepted by the court as true. Based upon that

report and the VE's testimony, the plaintiff is disabled within the meaning of the Social Security Act. Moreover, the report of the Commissioner's own consultant, George A. Evans, M.D., also establishes the plaintiff's disability. Dr. Evans concluded that he was:

> [n]ot very optimistic for her getting back to her full potential because of her other aggravating problems of fibromyalgia, [the] obvious condition of her feet and numerous other problems. At present, patient will have problems with sitting for any length of time and definitely could not stand for more than maximum of 30 minutes. With these limitations, it would be impossible for her to work at any job that entails the need to sit or stand for any length of time. With her numerous other problems, upcoming surgery and obvious visits to many physicians, because of her other problems, it would be very difficult for her to be a dependable worker, also.

[R. 174].

▪ The reason articulated by the ALJ in rejecting the Commissioner's own consulting examiner's report is that "Dr. Evans is not a treating physician and only had the opportunity to examine claimant once. Therefore his assessment is not a true reflection of claimant's overall condition and effectiveness of her ongoing treatment." [R. 17]. Apparently, the ALJ was constrained to reject his own consulting examiner's report because it agreed with the plaintiff's treating physician's opinion. It also strikes the court as odd that the ALJ rejected this opinion because Dr. Evans only examined the plaintiff once, but gave "great weight to the reports of the state agency medical consultants" who never examined the plaintiff. [R. 17]. Good cause does not exist for rejecting the testimony of Drs. Johnson and Evans;

therefore, their testimony must be accepted as true.

## CONCLUSION

This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir.1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. *Id.* An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED.

### *FINAL ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

DONE and ORDERED.