[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15292
Non-Argument Calendar
_____

Agency No. 12-14

T. J. MCNICHOL,

Petitioner,

versus

DRUG ENFORCEMENT ADMINISTRATION,

Respondent.

_____

Petition for Review of a Decision of the
Drug Enforcement Agency
_____

(October 17, 2013)

Before TJOFLAT, DUBINA, and PRYOR, Circuit Judges.

PER CURIAM:

This is a petition for review of a final order of the United States Drug

Enforcement Administration ("DEA").  An Administrative Law Judge ("ALJ")

issued a report and recommended ruling in favor of Dr. T. J. McNichol ("Dr. McNichol"). The DEA Administrator rejected that ruling and revoked Dr. McNichol's DEA registration.

An agency's factual findings are conclusive "if supported by substantial evidence." 21 U.S.C. § 877. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It is "more than a scintilla, but less than a preponderance." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (internal quotation marks omitted). An administrative agency's finding is supported by substantial evidence even if "two inconsistent conclusions [could be drawn] from the evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620, 86 S. Ct. 1018, 1026 (1966); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 465 (1951) (agency decision must be upheld even if court would have reached different conclusion under *de novo* review). The "limited" substantial evidence review "precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore*, 405 F.3d at 1211; *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

A court may set aside the DEA's final decision only if is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706(2)(A).  "This standard is exceedingly deferential."  *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (quoting *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996)).  This court will not overturn an agency decision so long as the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866 (1983) (internal quotation marks omitted).

To determine whether an agency decision was arbitrary and capricious, the reviewing court considers whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.  *Id.* at 43, 103 S. Ct. at 2866-67.  A court will not overturn an agency decision unless the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009) (quoting *Alabama Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1254 (11th Cir. 2007)).

After reviewing the record in this case, we conclude that substantial evidence supports the agency's decision to revoke Dr. McNichol's DEA registration. The record clearly demonstrates that Dr. McNichol repeatedly prescribed controlled substances without a legitimate medical purpose and outside the usual course of his professional practice. Moreover, the government established by a preponderance of the evidence a prima facie case that revocation was in the public interest, and Dr. McNichol did not present sufficient mitigation to rebut that case. Specifically, the administrator properly relied on uncontested evidence that Dr. McNichol illegally prescribed controlled substances to four undercover law enforcement officers.

Because the record supports that the administrator considered all aspects of the evidence in light of the applicable statutory factors and committed no clear error of judgment in its decision, its decision was not arbitrary and capricious. Finally, we also agree with the administrator's conclusion that Dr. McNichol's continued registration would be inconsistent with the public interest. For the foregoing reasons, we deny the petition for review.

PETITION DENIED.

4