[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11478
Non-Argument Calendar
_____

Agency No. 11-3032

ROBERTS SAND COMPANY, LLLP,

                                                        Petitioner,

versus

SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

                                                        Respondent.

_____

Petition for Review of a Decision of the Occupational Safety and Health Review
Commission
_____

(June 9, 2014)

Before PRYOR, FAY, and COX, Circuit Judges.

PER CURIAM:

This case comes to us pursuant to 29 U.S.C. § 660(a) as a petition to review a final order of the Occupational Safety and Health Review Commission (Commission). When the Occupational Safety and Health Administration (OSHA) issues a general duty clause citation, an employer may contest it—ordinarily with a hearing before an administrative law judge (ALJ). 29 C.F.R. § 2200.61. If the ALJ finds in favor of OSHA, the employer may seek review by the full Commission. 29 C.F.R. § 2200.91(b). However, such review is discretionary. *Id.* If the Commission declines to review the ALJ's decision as it did here, the ALJ's decision becomes a final order of the Commission. 29 C.F.R. § 2200.90(d).

We review the Commission's factual findings—and its determination of a serious violation based on those findings—to ensure they are supported by substantial evidence in the record. *Daniel Int'l. Corp. v. Occupational Safety & Health Review Comm'n*, 683 F.2d 361, 363–64 (11th Cir. 1982). Substantial evidence is more than a mere scintilla but less than a preponderance. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229, 59 S. Ct. 206, 216 (1938) (citations omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1420 (1971)(quotations omitted). Thus, even if the evidence appears to weigh against the decision of the Commission, we must affirm if a reasonable

2

mind might accept its conclusions.  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  We review legal determinations by the Commission to determine if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  5 U.S.C. § 706; *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996).

In this case, Roberts Sand Company contests a general duty clause citation that the OSHA issued after falling clay crushed a Robert Sand's employee working in a "borrow pit."  The general duty clause provides that each employer "shall furnish to his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees."  29 U.S.C. § 654(a)(1).  OSHA can only issue general duty clause citations where it has not promulgated a regulation covering a particular situation at an employer's worksite.  Occupational Safety and Health Act of 1970, § 5(a)(1), 29 U.S.C. § 654(a)(1); *see also Reich v. Arcadian Corp.*, 110 F.3d 1192, 1199 (5th Cir. 1997) (citations omitted) (noting that "courts have consistently held that standards are the preferred enforcement mechanism and that the General Duty Clause serves as an enforcement tool of last resort").

In order to establish an employer's violation of the general duty clause, OSHA bears the burden to prove four elements.  *Waldon Healthcare Ctr.*, 16 BNA OSHC 1052, 1058 (No. 89-2804, 1993).  Those four elements are: (1) that a

condition or activity in the employer's workplace presented a hazard to employees; (2) that the cited employer or the employer's industry recognized the hazard; (3) that the hazard was causing or likely to cause death or serious physical harm; and (4) that feasible means existed to eliminate or materially reduce the hazard. *Id.* (citations omitted). The parties here dispute only one element: whether there were feasible means to eliminate the hazard or to materially reduce it. (Petitioner's Initial Br. at 22); *see also Champlin Petroleum Co. v. Occupational Safety & Health Review Comm'n*, 593 F.2d 637, 640 (5th Cir. 1979) (discussing the four factors OSHA must demonstrate to establish a violation of the general duty clause). In other words, was it "feasibly preventable"? "Though resistant to precise definition, the criterion of preventability draws content from the informed judgment of safety experts." *National Realty and Constr. Co. v. Occupational Safety & Health Review Comm'n*, 489 F.2d 1257, 1266 (D.C. Cir. 1973). A proposed abatement measure is not feasible if "conscientious experts, familiar with the industry, would not take it into account in prescribing a safety program." *Id.*

We hold that here, even though no evidence in the record shows that any other borrow pits have adopted OSHA's proposed abatement methods, conscientious experts, familiar with the industry, would clearly take the proposed abatement method of sloping the walls of the excavation into account in prescribing a safety program. (R. at 36, 176, 229).

4

Petitioner, though, states the standard slightly differently.  It says that in order for a proposed abatement method to be feasible, the proposed method must be recognized by "knowledgeable persons familiar with the industry as *necessary and valuable* steps for a sound safety program in the particular circumstances existing at the employer's worksite." ((Petitioner's Initial Br. at 24) (citing *Secretary of Labor v. Cerro Metal Prods. Div., Marmon Grp., Inc.*, 12 BNA OSHC 1821 (No. 78-5159, 1986) (citing *National Realty and Construction Co. v. Occupational Safety & Health Review Comm'n*, 489 F.2d 1257, 1266 (D.C. Cir. 1973)) (emphasis added)).  By its terms, the "necessary and valuable" standard put forth by the Commission is a different and more stringent standard than the "take into account" standard put forth by the D.C. Circuit.  *Compare Cerro Metal Prods. Div.*, 12 BNA OSHC at 1823 *with National Realty*, 489 F.2d at 1266.  Yet the Respondent treats the two standards as equivalents.  *See* Respondent's Br. at 18.  And the Commission often does the same.  S*ee,* e.g., *Secretary of Labor v. Pegasus Tower, Inc.*, 21 BNA OSHC 1406 (No. 04-1612, 2005).  Thus, the standard the Commission applied in this case was neither arbitrary nor capricious.  *See Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996) (explaining the highly deferential nature of arbitrary and capricious review).

Substantial evidence in the record supports the Commission's finding.   The president of the Roberts Sand Company himself admitted that OSHA's proposed

abatement method—sloping the wall—was one method for making the borrow-pit worksite safer.  (R. at 176).  Roberts Sand's safety trainer also agreed that the proposed abatement method was one possibility for making the pit safer.  (R. at 229).  And MHSA Inspector Owens also agreed that sloping the pit wall could be done at this worksite.  (R. at 36).

Based on the record, OSHA presented substantial evidence that its proposed abatement measure would materially reduce the hazard.

Accordingly, we deny Roberts Sand Company's petition, and affirm the ALJ's decision which was the Final Order of the Occupational Safety and Health Review Commission.

**DENIED AND AFFIRMED.**