[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12061
Non-Argument Calendar
_____

Agency No. 13-0709


SECRETARY OF LABOR,

                                                                Petitioner,

versus

COPOMON ENTERPRISES, LLC,

                                                                Respondent.


_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission
_____

(February 9, 2015)


Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

The Secretary of Labor petitions for review of the Occupational Safety and Health Review Commission's ("Commission's") order granting summary judgment in favor of Copomon Enterprises, LLC.[1] The Commission concluded that the Secretary's citation against Copomon was barred by the doctrine of res judicata.[2] No reversible error has been shown; we deny the petition and affirm the Commission's decision.

We review the Commission's factual findings to ensure they are supported by substantial evidence in the record. Daniel Int'l Corp. v. Occupational Safety & Health Review Comm'n, 683 F.2d 361, 363-64 (11th Cir. 1982). Substantial evidence is more than a mere scintilla but less than a preponderance. Hale v. Bowen, 831 F.2d 1007, 1011 (11th

---

[1] Because the Commission did not direct review of the Administrative Law Judge's ("ALJ's") decision granting Copomon's motion for summary judgment, the ALJ's decision became the final order of the Commission. See 29 C.F.R. § 2200.90(d).

[2] The Commission also concluded, in the alternative, that the Secretary's citation was barred by collateral estoppel. Because we conclude that the Secretary's citation is precluded by res judicata, we do not reach the collateral estoppel issue.

2

Cir. 1987).  We review legal determinations by the Commission to determine if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  5 U.S.C. § 706; Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996).  "Barring a claim on the basis of res judicata is a determination of law" that we review de novo.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

Copomon distributes and markets hair straightening and smoothing products used by professional hair stylists.  Following an Occupational Safety and Health Act ("OSHA") inspection of one of Copomon's facilities in 2011, the Secretary issued Copomon a citation ("Citation 1").  Among other things, Citation 1 alleged a serious violation of 29 C.F.R. § 1910.1048(m)(3)(i) for failing to ensure that containers of formaldehyde-containing products -- including, but not limited to Natural Keratin Smoothing Treatment, Natural Keratin Smoothing Treatment Blonde, and Express Blow Out -- contained labels warning of the hazards associated with formaldehyde exposure.

3

Copomon contested the citation.[3]  The parties ultimately reached a

settlement agreement, which was approved by the ALJ and became part

of the Commission's final order.  Under the terms of the Settlement

Agreement, Copomon agreed to "revise the labeling on all hair

smoothing/hair straightening products at issue in this case to include the

language agreed upon by the parties at the April 25, 2012 voluntary

mediation in compliance with 29 C.F.R. § 1910(m)(3)(i)."  The language

to which the parties agreed was this language:

> Hazard Warning
>
> OSHA Compliant.  Product is safe if used as directed.  If not
> used as directed may cause irritation and sensitization of the
> skin and respiratory system, eye and throat irritation, acute
> toxicity, and carcinoma per IARC.  Physical and health
> hazard information is readily available at [Company address
> and phone number] and MSDS.

Following the ALJ's order, Copomon revised its product labels in

compliance with the approved terms of the Settlement Agreement.

---

[3] Although Copomon contends that its products do not contain formaldehyde in and of themselves, Copomon concedes that the products named in Citation 1 are "capable of releasing formaldehyde into the air, under reasonably foreseeable conditions of use, at concentrations reaching or exceeding 0.1 ppm" and, thus, are subject to regulation under 29 C.F.R. 1910.1048(m) (2011).

4

A few months later, following another inspection of Copomon's facilities, the Secretary issued Copomon a second citation ("Citation 2"). Citation 2 alleged a "repeat" violation[4] of 29 C.F.R. § 1910.1048(m)(3)(ii) for failing to "ensure that the labels of formaldehyde-containing products such as but not limited to Express Blow Out, Natural Keratin Smoothing Treatment Blonde and Natural Keratin Smoothing treatment were updated to indicate that the products contained formaldehyde."  Citation 2 noted that Copomon had already been "cited for a violation of this [OSHA] standard or its equivalent standard" in Citation 1.

Copomon contested Citation 2.  Among other things, Copomon asserted -- based on the final order approving the Settlement Agreement reached about Citation 1 -- that Citation 2 was barred by res judicata.

---

[4] The Secretary later moved successfully to amend the classification of the violation in Citation 2 from "repeat" to "other-than-serious," but did not otherwise alter the alleged violation description.

The ALJ granted summary judgment in favor of Copomon, concluding that Citation 2 was precluded.[5]

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale, 193 F.3d at 1238. A claim is barred by earlier litigation if these four elements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Id. at 1239.

The Commission determined that each of these four elements was met and, as a result, that Citation 2 was barred by res judicata. We agree. The parties do not dispute that elements (2) and (3) are met. About element (1), the Commission's order approving the parties'

---

[5] The ALJ also denied the Secretary's motion for summary judgment. The Secretary does not challenge this denial on appeal.

settlement agreement constituted a final judgment on the merits.  See

Juris v. Inamed Corp., 685 F.3d 1294, 1340 (11th Cir. 2012) ("For

purposes of determining res judicata, an order approving a settlement

agreement provides a final determination on the merits.").

Element (4) is also satisfied.  In both cases, the Secretary alleged

that Copomon failed to ensure that containers of formaldehyde-

containing products (specifically Natural Keratin Smoothing Treatment,

Natural Keratin Smoothing Treatment Blonde, and Express Blow Out)

reflected adequately (1) that the products contained formaldehyde and

(2) the hazards of formaldehyde exposure.  Thus, both cases arise out of

the same nucleus of operative fact and are based upon the same factual

predicate.  That the Secretary initially categorized Citation 2 as a

"repeat" violation based on Copomon's earlier citation (in Citation 1) of

an "equivalent standard" further evidences that both cases involve the

same cause of action.

On appeal, the Secretary does not challenge the Commission's

determination on the four elements and does not otherwise contend that

7

these four elements have not been shown.  Instead, the Secretary argues that the Commission should have applied a modified <u>res judicata</u> analysis, based on our decision in <u>Norfolk Southern Corp. v. Chevron</u>, 371 F.3d 1285 (11th Cir. 2004).

In <u>Norfolk Southern</u>, we said that where parties consent to a voluntary dismissal with prejudice under Fed.R.Civ.P. 41, "a somewhat modified form of <u>res judicata</u> applies to the written settlement agreement upon which such dismissal is predicated, if one exists."  371 F.3d at 1291.  Under this modified <u>res judicata</u> analysis, we determine whether a claim is precluded from future litigation by looking at the terms of the settlement agreement itself (as interpreted based on traditional principles of contract law), instead of by looking at the claims in the original complaint.  <u>Id</u>. at 1289.  "In determining the <u>res judicata</u> effect of an order of dismissal based upon a settlement agreement, we should also attempt to effectuate the parties' intent.  The best evidence of that intent is, of course, the settlement agreement itself."  <u>Id</u>.

8

Even if we assume -- without deciding -- that a modified res judicata analysis similar to that discussed in Norfolk Southern is appropriate in this case, Citation 2 would still be precluded.  Based on the express terms of the settlement agreement, the parties intended -- and agreed -- that the mutually agreed-upon language for Copomon's revised product labels did, in fact, comply with 29 C.F.R. 1910.1048(m)(3)(i). And, among other things, compliance with 29 C.F.R. 1910.1048(m)(3)(i) required that the product label identify the hazardous chemical that is the subject of the warning (in this case, formaldehyde). See 29 C.F.R. 1910.1048(m)(3)(i) (2011) (requiring hazard warning labels to comply with 29 C.F.R. § 1910.1200(f)).

The crux of Citation 2, meanwhile, is that Copomon's revised label (which contained the mutually agreed-upon language) failed to identify properly that Copomon's products (the same three products identified in Citation 1) contained formaldehyde.  Because the settlement agreement already established that the agreed-upon label language satisfied the requirement that the hazardous chemical be identified properly, and

9

because the settlement agreement evidences the parties' intent that the

agreement may be used for other OSHA actions, we conclude that

Citation 2 is precluded under the modified version of the res judicata

doctrine.[6]

PETITION DENIED; AFFIRMED.

---

[6] Given the facts of this case -- where Copomon revised its product labels in compliance with 29 C.F.R. 1910.1048(m)(3)(i) and with the terms of the approved Settlement Agreement -- nothing evidences that the application of res judicata to bar Citation 2 restricts improperly the Secretary's enforcement discretion.

10