**Sherry MERRITT, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**Civil Action No. 04–G–2789–NE.**

United States District Court,
N.D. Alabama,
Northeastern Division.

May 15, 2006.

Loretta Clifton, Larry Knopf Attorneys, P.C., Birmingham, AL, for Plaintiff.

Alice H. Martin, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Joseph P. Palermo, III, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Sherry Merritt, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Supplemental Security Income (SSI).[1] Plaintiff timely pursued and ex-

1. In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). How-
ever, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate paral-

hausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).[2]

### Standard of Review

■■■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 CFR § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995).

### Findings and Holdings of the ALJ

In the instant case, ALJ Michael Brownfield determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability and that she suffered from a severe impairment or combination of impairments. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. The ALJ further found the

---

lel provision. The same applies to citations of statutes or regulations found in quoted court decisions.

**2.** 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

plaintiff unable to perform her past relevant work. He further found Ms. Merritt's allegations of pain not to be credible to the extent alleged. The ALJ found the plaintiff to be capable of light level work with limitations and that such jobs existed in significant numbers in the national economy.

### Factual and Procedural Background

Ms. Merritt was forty-nine years old at the time of the administrative hearing. She has a ninth grade education. Her past relevant work experience was as a cashier, sorter, domestic helper, hotel housekeeper, dishwasher, and construction worker. She claimed disability because of degenerative disk disease, COPD, depression, neck and back pain, and fatigue with an onset date of August 9, 2001. Benefits were denied by the Social Security Administration initially and upon reconsideration. On September 29, 2003, after an administrative hearing, ALJ Michael Brownfield denied benefits as well. The Appeals Council denied Ms. Merritt's request for review on September 10, 2004. The ALJ's decision thus became the Commissioner's final decision on that date.

### Assessing Credibility of Plaintiff's Testimony Regarding Pain

■ In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote,* at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). Medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

■ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision. "It is established in this circuit that if the [Commissioner] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [Commissioner], as a matter of law, has accepted that testimony as true. **Implicit in this rule is the requirement that such articulation of reasons by the [Commissioner] be supported by substantial evidence."** *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th

Cir.1987)(emphasis added). Therefore, if the ALJ (whose opinion has become the Commissioner's) either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the plaintiff's testimony regarding pain or other subjective symptoms (such as fatigue) must be accepted as true. Further, these reasons may not be bare, facile, or cavalier. His reasons must be articulated adequately and explicitly. *Hale v. Bowen,* 831 F.2d 1007(11th Cir.1987).

The Commissioner argues that this standard is no longer valid because of the United States Supreme Court's decision on *Immigration and Naturalization Service v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). This argument is incorrect. The rule of *Ventura* is that a court of appeals is not to consider *de novo* a determinative issue that is within the agency's domain and the agency has failed to consider. The Court found "that the Court of Appeals should have applied the ordinary 'remand' rule." *Ventura,* 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272. The Court explained the ordinary remand rule saying:

No one disputes the basic principles that govern remand.... A court of appeals "is generally not empowered to conduct a *de novo* inquiry into the matter being reviewed and to its own conclusions based on such an inquiry." *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). Rather, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Ibid.*
....

Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.

*Immigration and Naturalization Service v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272, 277 (2002); *see also, Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006); *Kenyeres v. Ashcroft,* 538 U.S. 1301, 123 S.Ct. 1386, 155 L.Ed.2d 301 (2003). In short, the administrative is to be given the first opportunity to address determinative issues within its domain.

This principle is not at issue in the case at bar. The longstanding, currently valid body of Social Security law requires the ALJ to make credibility findings at the administrative level as was done here. That same law requires this court to review the record to determine whether those findings are supported by substantial evidence. *Hale v. Bowen,* 831 F.2d 1007 (11th Cir.1987). This court is not making a finding in the first instance regarding credibility and is applying the ordinary rule of remand.

■ The court finds that the ALJ's findings concerning Ms. Merritt's credibility regarding her level of pain and fatigue were not based on substantial evidence and under *Hale* must be taken as true. *Hale,* 831 F.2d at 1012. The Record establishes without contradiction that Ms. Merritt has cervical disc collapse, foraminal stenosis, and arthritic changes at C5–6 of a severity adequate for her treating Dr. to suggest surgery to relieve her symptoms of ongoing neck and arm pain. R. 298–300. Ms. Merritt also has severe arthritic changes in her lumbar region that her treating physician told her surgery could not help. Her diagnoses by her treating physician are cervical spondylosis and foraminal stenosis C5–6 and lumbar spondylosis L5–S1. These diagnoses were reached over time through examination, treatment, and imaging. These records are objective evidence of underlying conditions that could give rise to the level of

pain and fatigue to which Ms. Merritt testified.

The ALJ made short shrift of Ms. Merritt's COPD. Her forced expiratory volume (FEV$_1$) tests show that she nearly meets Listing 3.02A for disability. Her highest level was 1.22. The Listing value that results in an immediate finding of disability for a person of her height is 1.15.[3] Dr. Onelio Perdomo, an examining consulting physician hired by the government, conducted these tests and found her to have severe COPD. R147. The ALJ, without any medical support, found that this condition only limited Ms. Merritt mildly to moderately. R. 21–22. No evidence supports this conclusion. Very slightly more severe COPD would have qualified Ms. Merritt for benefits under the Listing without any other impairments. The severity of her COPD as established by objective medical testing supports her allegations of fatigue to the extent alleged, and they must be taken as true because the ALJ's discrediting of her allegations was not supported by substantial evidence. *See, Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir.1987).

 The vocational expert testified at the administrative hearing that if Ms. Merritt's allegations of pain and fatigue were taken as fully credible then she would be unemployable. Because these allegations must be taken as true as a matter of law, a finding of disability is required. *See, Hale v. Bowen*, 831 F.2d 1007, (11th Cir.1987).

Accordingly, the decision of the Commissioner must be reversed and the case remanded with instructions for the benefits sought to be awarded. An Order in conformity with this Memorandum Opinion will be entered.

## FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court hereby ORDERS, ADJUDGES, and DECREES that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed.

The court FURTHER ORDERS that the Commissioner withhold from the payments that are determined to be due the plaintiff under this Order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b).

The court further ORDERS pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of notice of award of benefits from the Social Security Administration.

*Plaintiff's attorney should note that this Order does NOT extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

---

**3.** An agency reviewer noted that Ms. Merritt was wheezing during the test, so the test may have been performed during a flare. R. 168. The Regulations, however, allow testing when wheezing is present, and wheezing in no way invalidates the test results. "Wheezing is common in asthma, chronic bronchitis, or chronic obstructive pulmonary disease and does not preclude testing." 20 CFR Part 404, Subpart P, Appendix 1, § 3.0E.