[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11834
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cv-00052-TBS

PATRICK LAND,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 26, 2012)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Patrick Land appeals the district court's decision to affirm the Commissioner's denial of his application for disability insurance benefits and supplemental security income. Land argues here that the Commissioner did not properly assess his residual functional capacity (RFC) and, as a result, did not properly formulate hypothetical questions for the vocational expert (VE).

In appeals from the denial of social security benefits, we review the ALJ's decision as the Commissioner's final decision when, as in this case, the ALJ denies benefits and the Appeals Council denies review. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). "We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). "It is more than a scintilla, but less than a preponderance." Id. (quotation marks omitted). Like the district court, "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation marks and alterations omitted).

Under the Social Security Act, a person is disabled if he is unable "to do any

2

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R § 404.1505(a). If disabled, a claimant is eligible for payment of disability insurance and supplemental security income. See 42 U.S.C. §§ 423(a)(1), 1382(a)(1); 20 C.F.R. §§ 404.315(a)(3), 416.202(a)(3).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a [RFC] assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011); see also Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); C.F.R. § 404.1520(a)(4). "The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." Doughty, 245 F.3d at 1278.

I.

Land argues that the Commissioner erred at the fourth step of the evaluation

3

process. Again, step four assesses the claimant's RFC to determine whether the claimant is capable of performing "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). A claimant's RFC takes into account both physical and mental limitations.[1] See 20 C.F.R. § 404.1545(a)(1). The ALJ found that Land "has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that he can only occasionally climb, balance, stoop, kneel, crouch, crawl, and reach overhead using his right upper extremity." The ALJ further determined that Land "should . . . avoid concentrated exposure to heavy machinery." Finally, the ALJ found that Land "can perform only simple, routine, repetitive tasks, without traveling, using numbers, driving, or supervising."

Land alleges that the ALJ's RFC assessment, particularly the ALJ's finding that Land "can perform . . . simple, routine, repetitive tasks," is "not supported by substantial evidence." He suggests that this is so because each of the doctors that evaluated Land for mental limitations in advance of the ALJ's RFC assessment determined that he suffered from various "mental health impairments." In particular, Land emphasizes that on their standard assessment worksheets, two

---

[1] Land focuses his appeal exclusively on the ALJ's assessment of his mental limitations. He does not contest the ALJ's assessment of his physical limitations. That being the case, any potential arguments regarding the ALJ's assessment of his physical limitations are waived and abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

4

doctors—Dr. Michael Zelenka and Dr. Alejandro Vergara—checked the box "Moderately Limited" with regard to Land's "ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."

We are not persuaded by Land's argument because it fails to consider "all the relevant medical and other evidence" that was available to the ALJ.  20 C.F.R. § 404.1545(a)(3) (emphasis added).  The Social Security Administration's Programs Operations Manual System (POMS) clarifies that the boxes checked by Dr. Zelenka and Dr. Vergara are only part of a worksheet that "does not constitute the [doctors' actual] RFC assessment." POMS DI § 24510.060(B)(2).  Checking the box "Moderately Limited" means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation.  See id. § 24510.063(B)(2).  After checking the boxes as an "aid," id. § 24510.060(B)(2), a doctor is then required to detail his actual RFC assessment.  See id. § 24510.060(B)(4).

Consistent with these directives, both Dr. Zelenka and Dr. Vergara, after checking the various boxes, elaborated on their opinions regarding Land's ability to perform in a work environment.  Dr. Zelenka stated: "[G]iven only simple

5

instr[uctions] to carry out, limited public contact, the ability to work relatively independently, with some allowances for occasional psychological prob[lems] affecting productivity, [Land] retains adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting[.]" (emphasis added).  Dr. Vergara came to similar conclusions, stating:

> [Land] may experience difficulties trying to carry out detailed instructions and if he has to maintain concentration for extended periods of time.  He may have difficulties too, having to respond appropriately to instructions and criticism from supervisors and if he attempts to set realistic goals independently.
>
> However taking in consideration all the information in file, longitudinal history, recent CE and recently reported ADL's, indicates that 'claimant retains the necessary mental capabilities to at least do simple, type tasks and assignments.'

(emphasis added).  These opinions are consistent with the ALJ's finding that Land "can perform only simple, routine, repetitive tasks."

We reiterate that "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  Phillips, 357 F.3d at 1240 n.8 (quotation marks and alterations omitted).  As set out above, "we must defer to the Commissioner's decision if it is supported by substantial evidence.  Substantial evidence is more than a scintilla, but less than a preponderance."  Id. (quotation marks omitted).  Because more than a scintilla of

6

evidence supported the ALJ's RFC assessment here, we will not second-guess the Commissioner's determination.

## II.

Land also argues that the Commissioner erred at step five of the disability evaluation process.  At step five the claimant has proved that he can no longer perform his past relevant work and "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (quotation marks omitted).  The ALJ may rely solely on the testimony of a VE to meet this burden.  Id. at 1230.  For the testimony of a VE to constitute substantial evidence, however, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Id. at 1229.

Land alleges that the "ALJ . . . failed to ask hypothetical questions to the [VE] that included all of . . . Land's [m]ental [RFC] limitations."  Here, at the assessment hearing, the ALJ asked the VE whether a hypothetical individual could perform other work in the national economy if that individual were of Land's age, education, and work experience, had the same physical limitations, and was "capable based upon Exhibit B-13F [the mental RFC assessment completed by Dr. Vergara] of performing simple, routine, repetitive tasks."  The VE responded in

7

the affirmative, and identified other jobs existing in significant numbers that Land could perform, specifically "that of an office helper . . . [or] a ticket seller." The ALJ then asked the VE if that hypothetical individual could still perform those jobs if "because of stress," the individual "should do no traveling," "shouldn't have to meet any quotas," and should not drive or supervise. The VE indicated that the individual would still be able to perform those jobs.

We have held that an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for mental limitations where the medical evidence demonstrates that the claimant retains the ability to perform those tasks despite deficiencies. See Winschel, 631 F.3d at 1180 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."). As indicated by the mental RFC assessments completed by Dr. Zelenka and Dr. Vergara, Land retained the mental capacity to perform "simple" tasks despite his limitations. By limiting the hypothetical to an individual "capable . . . of performing simple, routine, repetitive tasks" based on Dr. Vergara's mental RFC assessment, the ALJ properly incorporated the relevant medical evidence regarding Land's mental limitations.

8

For these reasons, we conclude that the Commissioner's decision to deny benefits is supported by substantial evidence and is based upon the proper legal standards.  The Commissioner's decision is, therefore,

**AFFIRMED.**