[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16169
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00179-WTH-PRL


JON HOLLAND,

                                                            Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant - Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 1, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jon Holland appeals a district court order affirming the Commissioner's denial of his application for disability insurance benefits and supplemental security income.

## I.

Holland sustained a head injury in a motorcycle crash in August 1999. Before that, he had been employed as a metal fabricator and auto mechanic. Six years after his accident, Holland filed for disability insurance and supplemental security income, alleging a disability onset date of March 1, 2004. The Administrative Law Judge (ALJ) denied Holland's claim, the Appeals Council denied review, and Holland filed his complaint in the district court.

Rather than respond to Holland's complaint, the Commissioner requested a remand under 42 U.S.C. § 405(g) for further development of the administrative record. On remand, the Appeals Council instructed the ALJ to: (1) give Holland another hearing; (2) supplement the record with additional evidence; and (3) consider Holland's Residual Functional Capacity. Following the second hearing, the ALJ determined that although Holland suffered from "severe impairments," he had no impairment or combination of impairments "severe enough to meet or equal" an impairment listed in 20 C.F.R. § 404. Further, the ALJ determined that while Holland's impairments prevented him from doing "past relevant work," he

2

remained employable as a "tagger," "cutter," or "racker."[1] Thus, the ALJ concluded that Holland was not disabled within the meaning of the Social Security Act (SSA).

After the Commissioner completed the reassessment of Holland's claim, the district court reopened Holland's case. A magistrate judge issued a report recommending that the Commissioner's denial of Holland's claim be affirmed. The district court adopted the magistrate judge's recommendation, and entered an order affirming the Commissioner's decision to deny benefits. This appeal followed.

## II.

In appeals from the denial of social security benefits, "[o]ur review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "We review de novo the district court's decision on whether substantial evidence supports the ALJ's decision." Id. "Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). "It is more

---

[1] The ALJ's assessment of Holland's present employability was informed by the testimony of a Vocational Expert (VE), who responded to a hypothetical question regarding whether and what jobs remain available to a person with Holland's disabilities.

than a scintilla, but less than a preponderance." Id. (quotation marks omitted).

Like the district court, "[w]e may not decide the facts anew, reweigh the evidence,

or substitute our judgment for that of the Commissioner." Phillips v. Barnhart, 357

F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation marks and alterations omitted).

Under the SSA, a person is disabled if he is unable "to do any substantial

gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 20 C.F.R

§ 404.1505(a). If disabled, a claimant is eligible for payment of disability

insurance and supplemental security income. See 42 U.S.C. §§ 423(a)(1),

1382(a)(1); 20 C.F.R. §§ 404.315(a)(3), 416.202(a)(3).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity . . . assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's [residual functional capacity], age, education, and work experience.

Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011); see also

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); 20 C.F.R.

§ 404.1520(a)(4). "The burden is primarily on the claimant to prove that he is

4

disabled, and therefore entitled to receive Social Security disability benefits."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

                                        III.

Holland raises three issues on appeal.  First, he argues that the ALJ erred at step three of the analysis by failing to consider the "combined effects of all of [his] impairments," which include limited strength and mobility, asthma, and mental disorders.  Next, Holland claims that the ALJ failed to account for his "closed head injury," his "hemiparesis,"[2] and his "depression" when determining his Residual Functional Capacity.  Finally, Holland asserts that the ALJ erred at step five by posing a deficient hypothetical question to the VE regarding his current employment prospects.

We are not persuaded by any of Holland's arguments.  First, contrary to Holland's claim, in determining that Holland lacked an impairment that met or equaled a listed impairment, the ALJ expressly considered Holland's "combined impairments," with "particular consideration [given] to [his] physical impairments [and] . . . mental disorders."  The ALJ further considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence."  The ALJ went on to make "specific and well-articulated findings as to the effect of the combination of impairments and to

---

[2]  "Hemiparesis" is weakness on one side of the body.

decide whether the combined impairments cause[d] [Holland] to be disabled." See

Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (quotation marks omitted).

In short, the ALJ applied the correct legal standard in concluding that Holland's

impairments did not equal a listed impairment, and the ALJ's determination was

supported by substantial evidence.  See Wilson, 284 F.3d at 1224–25 (holding that

the following statement by an ALJ evidenced consideration of the combined effect

of a claimant's impairments: "the medical evidence establishes that Wilson had

several injuries which constitute a 'severe impairment', but that he did not have an

impairment or combination of impairments listed in, or medically equal to one

listed in [the SSA]") (alterations omitted).

Nor are we convinced that substantial evidence failed to support the ALJ's

Residual Functional Capacity assessment.  In arriving at the conclusion that

Holland retained the ability to "perform light work as defined in 20 CFR

404.1567(b) and 416.967(b)," the ALJ discussed Holland's medical records

extensively, comparing the evaluations of at least fourteen medical professionals

spanning more than eleven years.  These reports detailed Holland's head injury and

its effect on his physical strength, mobility and motor skills, and extensively

discussed his depressive episodes.  The ALJ acknowledged some inconsistencies

between Holland's various evaluations, but also pointed out that evaluations

tending to corroborate Holland's claim to complete disability were "rudimentary,

6

vague, . . . incongruent with the record," and based on "brief" treatment histories, whereas evaluations supporting the ALJ's determination that Holland could still "perform light work" were corroborated and consistent over time.  Thus substantial evidence supported the ALJ's conclusion that Holland can still "perform light work" within the meaning of the SSA.

Finally, Holland suggests that the ALJ's hypothetical question to the VE regarding other jobs he can perform given his impairments was deficient because it "fail[ed] to comprehensively describe[] [his] impairments in terms of the effect on [his] ability to maintain employment."  Again, Holland's claim is contradicted by the record.  The ALJ's hypothetical question to the VE expressly stated Holland's physical limitations—including that he should: (1) "only lift and carry 10 pounds frequently, 20 occasionally, stand 6 hours, sit 6 hours"; (2) "avoid frequently descending stairs, . . . pushing and pulling motions with his lower extremities, [and] hazards in the work place"; and (3) avoid conditions that may aggravate his asthma—as well as his "psychological" limitations—including an ability to only "understand[], and carry[] out simple job instructions," not "complex or detailed tasks."  On this record, the ALJ's question adequately comprised all of Holland's impairments supported by the evidence.  See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ [is] not required to include findings in the hypothetical that the ALJ ha[s] properly rejected as unsupported.").

7

IV.

In sum, the ALJ's determination that Holland was not disabled is supported by substantial evidence and based on proper legal standards.  The Commissioner's decision is

**AFFIRMED.**