[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14336
Non-Argument Calendar

_____

D. C. Docket No. 05-00055-CV-C-N

GARY L. PEARSON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 1, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gary Pearson appeals a decision that affirmed the denial of his application

for disability insurance benefits and supplemental security income from the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Pearson challenges the ruling on two grounds. First, Pearson argues that the administrative law judge failed to state what weight he accorded the finding by the Veterans Administration that Pearson was totally disabled. Second, Pearson argues that the administrative law judge applied an erroneous legal standard to conclude that Pearson's alcohol abuse materially contributed to his mental impairments and barred him from receiving social security benefits. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. The burden rests with the claimant to prove that he is disabled and entitled to Social Security benefits. See 20 C.F.R. § 404.1512(a); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

The record supports the conclusion by the administrative law judge that, although Pearson received a total disability rating by the Veterans Administration, he did not qualify for Social Security benefits. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The Veterans Administration concluded that Pearson was

2

totally disabled due to a bipolar disorder, low back pain, and hypertension. The rating was awarded based on the finding by the Administration that Pearson had an "impairment of mind or body which [was] sufficient to render its impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. § 3.340(a)(1). This rating, although given "great weight," was not binding on the administrative law judge. Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984). The record establishes that the administrative law judge considered the rating in his decision and correctly explained that a claimant had to satisfy a more stringent standard to be found disabled under the Social Security Act. See 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Substantial evidence supports the finding by the administrative law judge that Pearson's continuing alcohol abuse was a contributing factor to his disability. An applicant for Social Security benefits "shall not be considered to be disabled . . . if alcoholism . . . would be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Pearson had a history of alcohol abuse and was awarded disability insurance benefits and supplemental security income in 1996 based, in part, on his alcohol dependence. Pearson made statements to various medical personnel which established that he continued to drink through the early months of 2003. Pearson did not offer any

evidence, other than his incredible testimony, to establish that he no longer abused alcohol. See Doughty, 245 F.3d at 1280.

Although the Administrative Law Judge found that Pearson was disabled due to his major depression, the judge was required to "determine whether" Pearson's "alcoholism [was] a contributing factor material to the determination of [his] disability" based on his history. 20 C.F.R. § 404.1535. Clinical psychologist Nancy Sack testified that Pearson's functioning noticeably improved when he was not under the influence of alcohol. Objective expert medical evidence established that Pearson could perform light physical tasks, complete most complex decisions and tasks, and interact with others. Pearson's statements that he read, cut his grass, and took daily walks during which he would visit with neighbors supported these conclusions. Substantial evidence supports the finding by the Administrative Law Judge that alcoholism was a contributing factor to Pearson's disability. See Doughty, 245 F.3d at 1281.

The denial of Pearson's application for benefits is **AFFIRMED**.