[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13504
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01257-VMC-MCR


BRANDON E. HACIA,

                                                    Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 2, 2015)

Before TJOFLAT, HULL, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Brandon Hacia appeals the judgment of the District Court affirming the Commissioner of Social Security's denial of his application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g), and supplemental security income, pursuant to 42 U.S.C. § 1383(c)(3).  The Administrative Law Judge (the "ALJ") who adjudicated Hacia's claim found that he had two severe impairments: primary generalized epilepsy and a cognitive disorder.  The ALJ concluded that Hacia was not disabled within the meaning of the Social Security Act (the "Act"), however, and thus was not entitled to benefits under the Act because there were a significant number of jobs that he could perform despite his impairments.  Hacia requested administrative review of the ALJ's decision but the Appeals Council denied his request.  On judicial review, the Magistrate Judge recommended that the Commissioner's decision denying benefits be affirmed.  The District Court adopted the recommendation and affirmed the Commissioner's decision.

On appeal, Hacia argues that the ALJ failed to give sufficient weight to (1) the opinion of his treating physician that he was unable to support himself due to his condition, and (2) the Department of Defense's (the "DOD") determination that he was entitled to medical coverage as an incapacitated adult child of a retired service member.

In reviewing the Commissioner's decision to deny social security benefits in a particular case, the district court's inquiry in the first instance, and ours on

2

appellate review, is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). "It is more than a scintilla, but less than a preponderance." *Id.* "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 & n.8 (11th Cir. 2004) (quotation marks and alterations omitted).

To be eligible for disability insurance benefits and supplemental security income under the Act, a claimant must be disabled. 42 U.S.C. §§ 423(a)(1), 1382(a)(1)–(2). Disability is defined for the purposes of the Act as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A person will be found disabled only if his physical or mental impairments are so severe that he cannot engage in any kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The claimant bears the burden of proving that he

3

is disabled, and thus it is his responsibility to produce evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In evaluating the evidence put forward by the claimant, the ALJ must give a treating physician's opinion substantial weight—unless good cause is shown to disregard the opinion. *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). We have found good cause to exist where (1) the physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the physician's opinion was conclusory or inconsistent with his or her own medical records. *Phillips*, 357 F.3d at 1240–41. If an ALJ determines that the opinion of the treating physician is not entitled to substantial weight, he or she must clearly articulate the reasons for that conclusion. *Id.*

Here, the ALJ articulated several reasons supporting his decision not to give substantial weight to the opinion of Dr. Bozorg, Hacia's treating physician. As the ALJ noted, the conclusions expressed by Dr. Bozorg in a Residual Function Capacity ("RFC") questionnaire were not only internally inconsistent but they were also unsupported—even contradicted—by Dr. Bozorg's treating notes in Hacia's medical records. For example, the questionnaire states that Hacia was experiencing an average of one seizure a month without any precipitating factors, but Dr. Borzog noted in his treating records that Hacia's seizures were controllable with medication and opined that the seizures were due to Hacia's noncompliance

with his prescribed medication regimen.  Upon reviewing the record, we cannot say that the ALJ's conclusion that good cause existed to discount Dr. Bozorg's opinion lacked substantial support.[1]

Hacia's second argument fares little better.  A finding of disability by another agency is not binding on the Commissioner, although we have held that it should be given great weight.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983); *see also* 20 C.F.R. §§ 404.1504, 416.904 (stating that a determination of disability by another agency is not binding on the Social Security Administration).  Nor, if the other agency's standard for determining disability deviates substantially from the Commissioner's standard, is it error for the ALJ to give the agency's finding less than substantial weight.  *Cf. Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (finding that an ALJ should have given great weight to a state agency's disability standard because it had been construed similarly to the Commissioner's disability standard).

Here, the ALJ specifically considered the DOD's determination that Hacia was an incapacitated adult child of a retired service member but found, albeit with little explanation, that the DOD's standard was "more lenient" than the disability

---

[1] Hacia argues that it is unreasonable to assume that a doctor would make false statements at his patient's behest.  We note in this regard that within one day of completing the RFC questionnaire at issue, Dr. Bozorg observed in his treatment notes that Hacia had been experiencing monthly breakthrough seizures but he and his mother had not been promptly reporting them to Dr. Bozorg because they were hoping Hacia would qualify for disability and did not think he would qualify unless he was having regular seizures.

standard imposed by social security law and thus gave it limited weight. Hacia appears to contend that the ALJ erred because he did not sufficiently discuss how the DOD's standard differed from the Commissioner's standard or support that conclusion with substantial evidence.

Hacia fails to cite us to any binding precedent holding that an ALJ must make detailed findings in support of his conclusion that the relative disability standards differ. The ALJ's decision reflects that he considered both standards, determined that the DOD's disability standard was lower than that of the Commissioner, and thus assigned limited weight to the DOD's determination. This was not error. *See Pearson v. Astrue*, 271 F. App'x 979, 981 (11th Cir. 2008) (per curiam) (affirming denial of benefits despite a finding by the Department of Veteran's Affairs that claimant was disabled where ALJ "considered the rating in his decision and correctly explained that a claimant had to satisfy a more stringent standard to be found disabled under the [SSA]").

Moreover, upon reviewing the record, we find substantial support for the ALJ's determination that the DOD's standard was more lenient than the Commissioner's standard. Based on the evidence submitted by Hacia, it appears that to obtain continued insurance coverage as an incapacitated dependent under DOD regulations, a claimant need only submit a current physician's statement to that effect. By comparison, the Commissioner evaluates a disability claim with an

6

in-depth five-step sequential process, 20 C.F.R. §§ 404.1520(a), 416.920(a), and reviews a variety of medical and non-medical evidence in making a final determination, *see* 20 C.F.R. §§ 404.1512(a)–(c), 416.912(a)–(c).  Notably, a physician's statement that an individual is incapacitated or disabled is not dispositive.  20 C.F.R. §§ 404.1527(d), 416.927(d).

In sum, we find that the ALJ applied the correct legal standards in reaching his decision that Hacia was not entitled to disability insurance benefits or supplemental security income and that this conclusion finds substantial support in the record.  Accordingly, we AFFIRM.